UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JORGE E. RODRIGUEZ, individually and
on behalf of all others similarly situated,

    Plaintiff,                                           CLASS ACTION

v.                                                    JURY TRIAL DEMANDED

DISKOLAB, LLC,
a Florida limited liability company,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff, JORGE E. RODRIGUEZ, brings this class action against Defendant, DISKOLAB, LLC, and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.      This putative class action stems from Defendant's practice of knowing and willfully violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

2.      In order to drum up new business and drive consumers to its music events, Defendant sent Plaintiff and others automated telemarketing text messages.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, loss of time, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

1

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq*.

5. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Defendant conducts business in this district and its contacts here are sufficient to subject it to personal jurisdiction.

## PARTIES

6. Plaintiff, JORGE E. RODRIGUEZ ("Plaintiff"), is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

7. Defendant, DISKOLAB, LLC ("Defendant"), is a Florida limited liability company whose principal office is located at 1700 Meridian Avenue Apartment #401 Miami Beach, Florida, 33139, and whose registered agent is Gianfranco Dossena, 1700 Meridian Avenue Apartment #401 Miami Beach, Florida, 33139.

8. DiskoLab claims to be a multifaceted laboratory specialized in booking, marketing, and producing nationwide electronic music events, tours, and festivals.[1] Defendant directs, markets, and provides its business activities throughout the State of Florida.

9. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's affiliates, subsidiaries, officers, directors, vice principals, agents, sub-agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of

---

[1] https://www.facebook.com/Diskolab/ (Last Accessed: January 7, 2018).

the Defendant's affiliates, subsidiaries, officers, directors, vice-principals, agents, sub-agents, servants, or employees.

## THE TCPA

10. The TCPA regulates and restricts the use of automatic telephone equipment.

11. The TCPA protects consumers from unwanted text messages that are made with automatic telephone dialing systems ("ATDS").

12. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

13. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.,* 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd,* 755 F.3d 1265 (11th Cir. 2014).

14. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

15. In 2012, the FCC issued an order tightening the restrictions on automated telemarketing calls, requiring "prior express *written* consent" for such calls to wireless numbers.

*See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis added).

16.     To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent.... and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

17.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. See *Golan v. Veritas Entm't, LLC,* 788 F.3d 814, 820 (8th Cir. 2015).

18.     "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id.* (citing *Chesbro v. Best Buy Stores, L.P.,* 705 F.3d 913, 918 (9th Cir. 2012)).

19.     "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan,* 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

4

20. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. *Id.*

21. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Rcd. 14014, ¶ 136 (2003).

22. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

23. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc.,* 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending him the ***text message***). (emphasis added).

## FACTS

26. Upon information and belief, prior to or during October 2017, Defendant hired CallFire, a mass text-message marketing company, to facilitate the sending of text messages

promoting Defendant's events.

27. On October 27, 2017 and October 16, 2018, Defendant, using CallFire's automated mass text-messaging platform, sent text messages like the one below to Plaintiff's cellular telephone number ending in 2979 (the "2979 Number"):



28. The impersonal and generic nature of Defendant's text messages demonstrates that Defendant utilizes an ATDS in transmitting the text messages.

29. The link contained in the text messages directed Plaintiff to Defendant's event page, and website (www.wynwoodfearfactory.com/the-factory/).

30. Defendant's text message constituted telemarketing because it encouraged the future purchase or investment in property, goods, or services, *i.e.*, Defendant's music events.

31. Upon information and belief, the Short Code, 474-747, that transmitted the text message belongs to or is provisioned for use by Defendant.

32. Plaintiff received the subject text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other similar text messages to be sent to individuals residing within this judicial district.

33. At no point in time did Plaintiff provide Defendant with his express written consent to Defendant to be sent telemarketing text messages with an ATDS.

34. Plaintiff has never had any type of relationship with Defendant, and Plaintiff never provided his telephone number to Defendant.

35. Upon information and belief, Defendant likely sent the text messages to a list of telephone numbers that was created to be targeted for Plaintiff's age demographic.

36. Plaintiff is the subscriber and sole user of the 2979 Number, and is financially responsible for phone service to the 2979 Number.

37. Specifically, upon information and belief, the CallFire system utilized by Defendant has the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, en masse, in an automated fashion, without human intervention.

38. Defendant's unsolicited text messages caused Plaintiff actual and tangible harm, including invasion of his privacy, the tying up of his phone line, depletion of battery life leading to less availability of his telephone line in the case of an emergency, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Plaintiff suffered loss of time as a result of opening and seeing the text message and clicking the link to determine if there is a way to opt-out from the text messages. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life. *See Muransky v. Godiva Chocolatier, Inc.,* ("[T]ime wasting is an injury in fact" …. "[A] small injury… is enough for standing purposes"). Plaintiff received at least one text message while working, or engaged in important activity. He was disrupted by the call and had to stop what he was doing to answer his phone.

## CLASS ALLEGATIONS

39. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

40. Plaintiff brings this case on behalf of a Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, was sent a telephone call or text message made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, without emergency purpose and without the recipient's prior express written consent.**

41. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

42. Upon information and belief, Defendant has placed automated and/or prerecorded

8

calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

43. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

44. There are numerous questions of law and fact common to the Class, which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an ATDS;
>
> (2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;
>
> (3) Whether Defendant's conduct was knowing and willful;
>
> (4) Whether Defendant is liable for damages, and the amount of such damages; and
>
> (5) Whether Defendant should be enjoined from such conduct in the future.

45. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

46. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

47. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

48. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

49. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

50. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

51. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii).

52. "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." *See, e.g., Hicks v. Client Servs., Inc.,* No. 07-61822, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07–232, ¶ 12, n.23 (2007)).

53. Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined below.

54. Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

55. Defendant has therefore violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

56.     Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

57.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

**WHEREFORE**, Plaintiff, Jorge E. Rodriguez, on behalf of himself and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an automatic telephone dialing system to text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages;

d. Costs and reasonable attorneys' fees to the extent such is permitted by law; and

e. Such further and other relief the Court deems reasonable and just.

**COUNT II**
**Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiffs and the Class)**

59.     Plaintiffs re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

60.     At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

61. Defendant knew that it did not have prior express consent to send these text messages, and knew or should have known that its conduct was a violation of the TCPA.

62. Because Defendant knew or should have known that Plaintiffs and Class Members had not given prior express consent to receive its autodialed calls, the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

63. As a result of Defendant's violations, Plaintiffs and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE,** Plaintiff, Jorge E. Rodriguez, on behalf of himself and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephone without the prior express permission of the called party;

c. An award of actual and statutory damages; and

d. Costs and reasonable attorneys' fees to the extent such is permitted by law; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

64. Plaintiff and Class Members hereby demand a trial by jury. January 8, 2019

Dated: January 8, 2019

Respectfully submitted,

*s/ Scott D. Owens*
Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Karl C. Gonzalez, Esq.
Karl C. Gonzalez, PLLC
17113 Miramar Parkway Suite #152
Miramar, Florida, 33027
Tel: 833-527-5529
karl@karlgonzalez.com